# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEVIN THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| vs. ) | |
| ) | |
| TROOPER FIRST CLASS TREVOR ) | Non-Arbitration |
| WHITE, SERGEANT JON KING, AND ) | |
| CORPORAL BRANDON TRIANTOS, ) | |
| Individually and in their capacities as ) | Demand for Jury Trial |
| officers for the Delaware State Police ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

## COMPLAINT

COMES NOW the Plaintiff, Devin Thomas, in support of his cause of action against the Defendants, Trooper Trevor White, Sergeant Jon King, and Corporal Brandon Triantos of the Delaware State Police Department:

## INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. § 1983; the Constitution of the United States of America; and the Constitution of the State of Delaware.

2. All of the wrongful and unconstitutional acts alleged below were committed by the Defendants in Lewes, Delaware, on or about December 26, 2021.

## PARTIES

3. At all times material hereto, Plaintiff Devin Thomas (hereinafter referred to as "Plaintiff") was a citizen and resident of the State of Georgia who may be contacted, for

purposes of this litigation through his attorneys, Joseph D. Stanley of the law firm Schwartz & Schwartz, 1140 South State Street Dover, DE 19901, and Ronald G. Poliquin of The Poliquin Firm LLC, 1475 S. Governors Ave, Dover, DE 19904.

4. Defendant Trooper First Class Trevor White (hereinafter referred to as "Defendant White") at all times material hereto was acting under color of law as an agent or employee of the Delaware State Police Department located at 19444 Mulberry Knoll Road, Lewes, DE 19958.

5. Defendant Sergeant Jon King (hereinafter referred to as "Defendant King") at all times material hereto was acting under color of law as an agent or employee of the Delaware State Police Department located at 19444 Mulberry Knoll Road, Lewes, DE 19958.

6. Defendant Corporal Brandon Triantos (hereinafter referred to as "Defendant Triantos") at all times material hereto was acting under color of law as an agent or employee of the Delaware State Police Department located at 19444 Mulberry Knoll Road, Lewes, DE 19958.

## JURISDICTION AND VENUE

7. This action arises under the United States Constitution and federal law, particularly under the provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and 42 U.S.C. §1983; 1985; and 1988.

8. This action also arises under the Constitution of the State of Delaware, Article I, Sections 5, 6, and 7.

9. This action seeks redress for violations of the civil rights laws of the United States, and jurisdiction is therefore invoked pursuant to 28 U.S.C. §1343 and 42 U.S.C. §1983.

10. As to the State Constitutional claims, this Court's supplemental jurisdiction is invoked under 28 U.S.C. §1367 which this Court has subject matter jurisdiction.

11. The claims made in this Complaint occurred and arose in the State of Delaware, in this District. Defendants live in and/or do business in this district and the events that give rise to this claim occurred in this district. Venue is appropriate in this judicial district pursuant to 28 U.S.C. §1391 and 28 U.S.C. §1331. Venue for the State claims is proper under 28 U.S.C. §1367.

12. Plaintiff is seeking damages under federal and state law pursuant to the claims for relief specified below.

13. This Court has authority to award costs and attorney fees pursuant to 42 U.S.C. §1988, and pursuant to the Court's inherent power under State law.

## FACTUAL ALLEGATIONS

14. On December 26, 2021, at approximately 2:30 am, Plaintiff was napping in his work vehicle in the parking lot of the Home Depot located at 17832 Lewes, DE 19958.

15. Plaintiff was in his vehicle waiting for the Home Depot to open because he needed to purchase goods for his business.

16. Defendant White was making a "proactive patrol." In the course of his patrol, he blew through two stop signs without using his overhead lights or siren.

17. Defendant White spotted Plaintiff's running vehicle parked in the parking lot and approached Plaintiff's vehicle.

18. Defendant White awoke Plaintiff by shining his flashlight into the vehicle and then asked Plaintiff to roll down his window.

19.  Plaintiff complied and rolled down his window a few inches.

20.  Defendant White informed Plaintiff he was in a parking lot of a closed store.

21.  Defendant White never identified himself as a police officer.

22.  Plaintiff, a former Home Depot employee who knew the corporation does not have a policy against overnight parking, responded saying "I am on private property. You are dismissed."

23.  Plaintiff informed Defendant White that he was not needed because no one was in danger nor were any laws being broken.

24.  Defendant White requests another vehicle on his radio because Plaintiff refused to get out of the vehicle.

25.  Plaintiff, unsure as to who was requesting he exit his car (may it be a security guard or a police officer) and concerned for his safety, calls 911.

26.  Defendant White on his megaphone consistently demands Plaintiff exit his vehicle, to which Plaintiff declines.

27.  At approximately 02:37 am, Defendant King and four additional police officers, including Defendant Triantos, arrive on the scene. At this moment there are three patrol cars and five officers.

28.  Plaintiff explains he sees a Seargeant has arrived and informs 911 he will speak with the Seargeant regarding the situation and hangs up the phone.

29.  Plaintiff rolled down his window to speak with the officers.

30.  Defendant White put his arm inside the open window and began grabbing Plaintiff's arm despite Plaintiff's protest.

31. Defendant Triantos deployed a taser which hit Plaintiff's shoulder thus impacting his face, temporarily blinding him, while Plaintiff's car was still running.

32. Defendant White later turned to Defendant Triantos and said, "I didn't mean for you to have to tase him."

33. The officers pulled Plaintiff out of the vehicle forcing him to the ground, cuffed him, and placed him under arrest.

34. The officers immediately began searching Plaintiff's entire vehicle.

35. Plead no contest to unlawful conduct. Plaintiff's resisting arrest was dismissed.

36. At all times material hereto, the Defendants acted under color of state law.

37. Defendants are responsible for the unconstitutional, and/or intentional, and/or reckless conduct in violating the Plaintiff's constitutional rights.

38. The conduct of Defendants was malicious, wanton, reckless and done without any regard to the probable cause requirement to place an individual under arrest and done with an intent to violate Plaintiff's constitutional, statutory and other rights. More specifically, the actions of Defendant White violated Plaintiff's rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

**FIRST CAUSE OF ACTION**

**EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AMENDMENT AGAINST DEFENDANT TROOPER TREVOR WHITE, AND DEFENDANT CORPROAL BRANDON TRIANTOS IN THEIR INDIVIDUAL CAPACITIES – COGNIZABLE UNDER 42 U.S.C. § 1983**

39. Plaintiff incorporates by reference the allegations of paragraphs 1 through 38 of the instant Complaint.

40. The Fourth Amendment requires police officers making an arrest or detention to use only an amount of force that is objectively reasonable in light of the circumstances facing them. *Tenn. v. Garner*, 471 U.S. 1, 7-8 (1985).

41. Defendant White and Defendant Triantos were never in any immediate threat of serious injury or death from Plaintiff.

42. Plaintiff was not committing any crimes when Defendant Triantos tased him per the instruction of Defendant White.

43. Even if reasonable suspicion existed to ask Plaintiff to exit his vehicle, tasing is an unreasonable level of force.

44. Defendant White and Defendant Triantos utilized unreasonable, improper, unnecessary, and excessive force on Plaintiff.

45. Defendant White unlawfully detained Plaintiff.

46. At the time Defendant White detained Plaintiff, Defendant White had no justifiable reasonable suspicion that any crime had occurred. Plaintiff was merely sleeping in his car in a parking lot of a corporation with no policy against overnight cars.

47. During Defendant White and Defendant Triantos' use-of-force training, they were or should have been provided with extensive information and written materials regarding the proper use of force. Such materials and training warned or should have warned Defendant White and Defendant Triantos that such force may only be used where there is an immediate threat of serious bodily injury or death to the officers or others.

48. Defendant White and Defendant Triantos are aware or should have been aware of more proper arrest/detention techniques that would have been more appropriate and not intentionally escalate an otherwise peaceful situation to a forceful one by deploying a taser.

49. At the time Defendant White unlawfully detained Plaintiff, Plaintiff had been cooperative and compliant.

50. Plaintiff had a fundamental and well-established right not to be subjected to unreasonable force nor an unlawful arrest pursuant to the Fourth Amendment to the United States Constitution.

51. The force utilized by Defendant White and Defendant Triantos was malicious, deliberate, unreasonable, reckless, excessive, unnecessary, improper, dangerous, and unconstitutional.

52. As a direct and proximate result of the Defendant White and Defendant Triantos, acting under the color of state law, Plaintiff's right to be free from the use of excessive force in being placed under arrest, to be secure in person and property, and to be free from malicious prosecution was violated.

53. As a result, Plaintiff suffered and continues to suffer harm in violation of his rights under the laws and Constitution of the United States, in particular the Fourth Amendment, as applicable to state authorities by the Fourteenth Amendment, thereof, and 42 U.S.C. § 1983.

54. As a direct and proximate result of the acts of Defendant White, Plaintiff sustained physical injuries, emotional harm, loss of liberty, all to his detriment and harm.

## SECOND CAUSE OF ACTION

## SUPPLEMENTAL STATE CLAIM OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BROUGHT AGAINST DEFENDANT TROOPER TREVOR WHITE AND DEFENDANT CORPROAL BRANDON TRIANTOS IN THEIR INDIVIDUAL CAPACITIES – COGNIZABLE UNDER 28 U.S.C. 1367

55. Plaintiff incorporates by reference the allegations of paragraphs 1 through 54 of the instant Complaint.

56. The acts and conduct of Defendant White and Defendant Triantos in this cause of action constitutes intentional infliction of emotional distress under the laws of the State of Delaware and this Court has supplemental jurisdiction to hear and adjudicate those claims.

## THIRD CAUSE OF ACTION

## SUPPLEMENTAL STATE CLAIM OF ASSAULT AND BATTERY BROUGHT AGAINST DEFENDANT TROOPER TREVOR WHITE, AND DEFENDANT CORPROAL BRANDON TRIANTOS IN THEIR INDIVIDUAL CAPACITIES – COGNIZABLE UNDER 28 U.S.C. 1367

57. Plaintiff incorporates by reference the allegations of paragraphs 1 through 56 of the instant Complaint.

58. The acts and conduct of Defendant White and Defendant Triantos in this cause of action constitute assault and battery under the laws of the State of Delaware and this Court has supplemental jurisdiction to hear and adjudicate those claims.

## FOURTH CAUSE OF ACTION

## CLAIM OF SUPERVISORY LIABLILTY BROUGHT AGAINST DEFENDANT SERGEANT JON KING IN HIS INDIVIDUAL CAPACITY –UNDER 42 U.S.C. 1983

59. Plaintiff incorporates by reference the allegations of paragraphs 1 through 58 of the instant Complaint.

60. Defendant King was present at the scene, and therefore had knowledge of the actions taken when Defendant White and Defendant Triantos deprived Plaintiff of his civil rights.

61. Defendant King failed to prevent Defendant White and Defendant Triantos from depriving Plaintiff of his civil rights.

62. As a direct and proximate result of the Defendant King, acting under the color of state law, Plaintiff's right to be free from the use of excessive force in being placed under arrest, to be secure in person and property, and to be free from malicious prosecution was violated.

63. The acts and conduct of Defendant King in this cause of action constitute a failure to Supervise.

**WHEREFORE**, the Plaintiff Devin Thomas requests the following relief:

a. For general compensatory damages from both Defendants to be determined at trial;

b. For special damages as shown at trial;

c. For punitive damages from Defendants;

d. For pre-judgment interest on the damages assessed by the Court, as allowed by law;

e. For Plaintiff's costs and reasonable attorney's fees, pursuant to 42 U.S.C. § 1988, and as otherwise may be allowed by State or Federal law;

f. A jury trial in regard to each of the Defendants and as to each count;

g. For such other and further relief as the Court deems just and proper.

    Respectfully submitted,

    SCHWARTZ & SCHWARTZ
    By: /s/ Joseph D. Stanley
    JOSEPH D. STANLEY
    Delaware Bar ID No. 6329
    1140 South State Street
    Dover, Delaware 19901
    (302) 678-8700